Porto Rico Fruit Exchange, Appellant, *v*. Registrar of San Juan, Respondent.

Appeal from a Decision of the Registrar of Property of San Juan Refusing to Record a Deed of Lease.

No. 413.—Decided July 28, 1919.

Record of Title — Conflicting Titles — Lease — Liquidator — Partnership.—
A deed whereby a person, as liquidator of a partnership, leases a certain property conflicts with another deed wherein it appears that the said person is the sole owner of the property by having acquired the interests of the other partners, and the latter deed being a title sufficient to convey the ownership, it may be recorded and must be previously recorded in order to record the lease made jointly with the wife.

The facts are stated in the opinion.
*Mr. Francisco Soto Gras* for the appellant.
The respondent appeared by brief.

Mr. Justice Aldrey delivered the opinion of the court.

By a deed of March 25, 1918, Segundo González Victoria, a married man, ''as the only interested partner, liquidator and absolute owner of the assets and liabilities of the firm of Pizá & González, dissolved and in liquidation,'' leased to The Porto Rico Fruit Exchange, a corporation, two properties which he said were owned by the firm of Pizá & González.

That deed was presented in the registry of property for record, accompanied by another deed executed on March 19,

1918, by Vicente González Victoria, José Canals Pizá and Segundo González Victoria. By this deed, after reciting that these parties and Damián Pizá Bisbal, by a deed of February 3, 1917, had formed the mercantile partnership of Pizá & González and that by another deed of August 17, 1917, Damián Pizá Bisbal assigned his rights and interests in the said partnership to the other three partners, Vicente González Victoria and José Canals Pizá also assigned their rights and interests in the said partnership to Segundo González Victoria, who, by virtue of this deed and of Pizá's assignment, became the sole owner of the partnership of Pizá & González and of all its assets and declared the firm dissolved and totally extinguished.

The registrar refused to record the lease because of the incurable defect pointed out in his decision and The Porto Rico Fruit Exchange took this appeal, exhibiting with the documents enumerated the deed of assignment executed by Damián Pizá Bisbal. The decision is as follows:

"First. There is a conflict between the documents presented, for although it appears from the deed of dissolution that the partnership was dissolved and its assets assigned to Segundo González Victoria, there being no liabilities and the assignee not having become the liquidator of the partnership, but the sole owner of its assets, in this deed he appears as the only interested partner and owner of the said property as well as liquidator of the partnership which he says is in liquidation; second, if he leases the properties as their personal owner and by virtue of the dissolution, the said properties are not recorded in his name as assignee, nor has such record been asked for, in accordance with article 20 of the Mortgage Law; and, in that same event, the properties should be considered as community property and his wife, Concepción Vera, did not give her consent to the contract as required by section 1328 of the Civil Code; third, there is no evidence of the assignment said to have been made by Damián Pizá of his rights and interests in the partnership to the other three partners; consequently there has been no review of the instrument witnessing that assignment to which the deed of dissolution refers."

We agree with the registrar that the deed of lease con-

flicts with the deed of dissolution, because in the former Segundo González Victoria appears as liquidator of the partnership of Pizá & González and leases certain properties which he says belong to the said partnership, while from the latter it appears that he is the only interested partner and the absolute owner of all the assets of the partnership by virtue of the assignment made to him by the other partners, and, as such, he declared the firm dissolved.

Furthermore, it does not appear that González is the liquidator of the partnership, but, on the contrary, the deed assigns to him the rights of the other partners in the said partnership and by virtue of that assignment González Victoria became the sole owner of all the assets of the partnership, that deed being his ownership title which may be recorded, as held in *Martínez* v. *Registrar of Property,* 15 P. R. R. 643; and, in accordance with article 20 of the Mortgage Law, that title must be recorded in order to record the lease made as the present sole owner of the properties, with the consent of his wife, as required by section 1328 of the Civil Code.

As regards the third ground of appeal, the deed whereby Damián Pizá Bisbal assigned his rights in the partnership should be presented in the registry so that the registrar may review it, for we can not take it into consideration although it has been exhibited here, because this is the province of the registrar and on appeal we can consider no documents which were not before the registrar.

The decision must be affirmed as to the said incurable defects referred to in this appeal.

*Affirmed.*

Justices del Toro and Hutchison concurred.

Chief Justice Hernández and Justice Wolf took no part in the decision of this case.